UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOE E. PHILLIPS, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV01036 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Joe E. Phillips' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1].

### I. BACKGROUND AND PROCEDURAL HISTORY

On May 22, 2009, Movant Joe E. Phillips ("Movant") was sentenced by this Court to 235 months in prison after pleading guilty to one count of sexual assault under color of law in violation of 18 U.S.C. § 242, and to one count of concealing evidence during a federal investigation in violation of 18 U.S.C. § 1519. Movant's Plea Agreement provided that Movant waived his right to appeal his sentence and to seek post-conviction relief, except on the bases of prosecutorial misconduct or ineffective assistance of counsel.

Movant then filed this *pro se* Motion on June 4, 2010, alleging that (1) he received ineffective assistance of counsel based on, among other things, plea counsel's advice concerning the ramifications of the Plea Agreement and plea counsel's failure to file a notice of appeal; (2) the Government breached the Plea Agreement by seeking a sentencing enhancement, amounting to prosecutorial misconduct; (3) his guilty plea should be vacated because he did not knowingly

and voluntarily enter into the Plea Agreement; and (4) the 235-month sentence imposed constitutes cruel and unusual punishment in violation of the Eighth Amendment.

## II. LEGAL STANDARD

A federal prisoner who seeks relief from a sentence under 28 U.S.C. § 2255 on grounds "that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez,* 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

Ineffective assistance of counsel claims, however, generally may be raised for the first time in a § 2255 motion regardless of whether they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule

exists to prevent movants from being forced "to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim." *Id.* Furthermore, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would assert his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003). As such, proof of ineffective assistance of counsel satisfies the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion, except in "unusual circumstances." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

If a movant is not procedurally barred from making a § 2255 motion, the Court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). Thus, a movant is entitled to an evidentiary hearing so long as "the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). A court may dismiss a claim without an evidentiary hearing, in contrast, "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)).

### III. DISCUSSION

As noted above, Movant seeks relief on four grounds: (A) ineffective assistance of counsel; (B) prosecutorial misconduct; (C) his guilty plea should be set aside because it was not knowing and voluntary; and (D) his sentence violates the Eighth Amendment due to its length. The Court considers these claims in turn.

### A. Ineffective Assistance of Counsel[1]

Movant claims that he received ineffective assistance in violation of his Sixth Amendment right to counsel on the following grounds: (1) counsel's failure to object to the application of sentencing enhancements and to the presentence report, and failure to ask the Court to depart from the Sentencing Guidelines; (2) counsel's advice that Movant should waive his appellate rights in the Plea Agreement; and (3) counsel's failure to file a notice of appeal in the face of Movant's express request that he do so.

Establishing ineffective assistance of counsel is a "heavy burden." *See U.S. v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). In the context of a guilty plea, Movant must show (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) that he was prejudiced by counsel's deficient performance – that is, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (internal quotations omitted)); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). "In determining whether counsel's conduct was objectively reasonable, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997) (citing *Strickland*, 466 U.S. at 689) (internal quotations omitted). Both prongs of the test must be satisfied for the claim to succeed; if a movant fails to make a sufficient showing under one prong, the court need not consider the other. *See Strickland*, 466 U.S. at 697.

---

[1] The Government inexplicably argues that these claims are barred by the waiver in Movant's Plea Agreement, but the applicable provision expressly states that the waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

### 1. Sentencing Issues

Movant has not offered any legal or factual basis for an objection to the sentencing enhancement or presentence report, or any compelling basis for seeking a downward departure from the Sentencing Guidelines, and accordingly his claim that counsel was ineffective for failing to make such an objection will be denied without an evidentiary hearing. To the extent Movant asserts that the Government breached the Plea Agreement by seeking application of the sentencing enhancement, that claim is discussed below in Section III.B.

### 2. Waiver of Appellate Rights

Movant claims that he received ineffective assistance through counsel's advice to enter into a Plea Agreement in which Movant agreed to waive his rights to appeal and file post-conviction motions challenging his sentence. This claim will be denied without an evidentiary hearing because it is refuted by the record. In entering his guilty plea, Movant expressly represented to the Court that he had read and understood the Plea Agreement and was knowingly, intelligently, and voluntarily pleading guilty under the terms of that Agreement, including the waiver of appellate rights, and Movant has not presented any compelling grounds for finding that waiver unenforceable. *See United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (knowing and voluntary waiver of appellate rights will be enforced unless doing so would amount to a miscarriage of justice). Furthermore, given that the Government agreed in the Plea Agreement to dismiss four counts and to not seek the maximum penalty of life imprisonment under its Count One, Movant cannot establish that counsel's advice was objectively unreasonable and outside "the wide range of reasonable professional assistance." *See Nguyen*, 114 F.3d at 704. This claim is affirmatively refuted by the record and will therefore be denied.

### 3. Failure to File a Notice of Appeal

Movant next contends that his attorney provided ineffective assistance of counsel by failing to file an appeal after Movant expressly directed him to do so.

In *Roe v. Flores-Ortega*, the Supreme Court held that *Strickland's* two-prong test for evaluating ineffective assistance of counsel claims provides the appropriate framework for determining whether counsel's failure to file a notice of appeal violates a criminal defendant's Sixth Amendment right to counsel. 528 U.S. 470, 477 (2000). Under the first prong, requiring the defendant to show that counsel's representation was below the standard of objectively reasonable professional performance, counsel's assistance is unconstitutionally deficient where she fails to consult with the defendant about an appeal and there is reason to believe either "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. The second prong of the *Strickland* test, requiring actual prejudice, is presumptively satisfied where counsel fails to file an appeal in spite of express instructions from the defendant to do so, and this is true irrespective of whether the defendant has legitimate grounds for an appeal.[2] *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007) (citing *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)); *Flores-Ortega*, 528 U.S. at 485-86; *cf. Peguero v. United States*, 526 U.S. 23, 28 (1999) (""[W]hen counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit.") (internal citation omitted).

---

[2] If the defendant did not expressly request that counsel file an appeal, prejudice is determined based on whether "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484.

The Eighth Circuit has expressly held that this presumption of prejudice is equally applicable where the movant has waived his appellate rights in an enforceable plea agreement. *Watson*, 493 F.3d at 964. In *Watson*, the court noted that numerous other circuits have taken this position, and that it is "most consistent with the Supreme Court's holding in *Flores-Ortega* that a defendant is prejudiced by the forfeiture of an appeal regardless of its apparent merit." *Id.*; *see also Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008) (recognizing that seven circuit courts of appeals have reached this conclusion). Thus, the *Watson* court concluded that because the movant alleged that he had made a specific request of his counsel to file an appeal, he was entitled to an evidentiary hearing because the record could not "affirmatively refute" the movant's factual assertions about conversations with counsel outside of the courtroom. *Watson*, 493 F.3d at 964; *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (§ 2255 motion may only be denied without an evidentiary hearing where it "is inadequate on its face or if the record affirmatively refutes the factual assertions on which it is based.").

Here, Movant alleges in his Motion that he directed his plea counsel to file a notice of appeal challenging his sentence, and if he did in fact do so, counsel's subsequent failure to file that notice would amount to ineffective assistance under *Flores-Ortega* and *Watson*. While the Government asserts that this claim is not credible based on the record, there is simply nothing in the record to refute, let alone "affirmatively refute," Movant's assertion that he requested his counsel to file an appeal. Furthermore, even if the Government had offered conflicting affidavit testimony that Movant had not asked counsel to file a notice of appeal, an evidentiary hearing would still be required in order to make the necessary credibility determination. *See Watson*, 493 F.3d at 964 ("Although the district court was not required to credit [the movant's] assertion [that he asked his attorney to file an appeal], it was required to hold a hearing before making factual

7

determinations about [the movant's] credibility.") (internal citations omitted); *see also, e.g.*, *United States v. Harger*, 2009 WL 3833994, at *1 (5th Cir. 2009) ("The court clearly erred when it found that [the movant] provided no evidence that he instructed his attorney to file an appeal because, in the § 2255 motion, [the movant] declared under penalty of perjury that he explicitly instructed his lawyer to do so.").[3]

The Court therefore concludes that Movant is entitled to an evidentiary hearing on his failure-to-appeal claim of ineffective assistance of counsel – a hearing that will be limited to determining whether Movant did in fact instruct his attorney to file a notice of appeal.

### B. Prosecutorial Misconduct

In this claim, Movant contends that the Government engaged in prosecutorial misconduct by seeking a sentencing enhancement applicable to Movant's conviction for criminal sexual abuse, given that it had agreed in the Plea Agreement to seek "no further federal prosecution . . . relative to the defendant's sexual assault."

"Plea agreements are contractual in nature, and should be interpreted according to general contract principles." *United States v. DeWitt*, 366 F.3d 667, 669 (8th Cir. 2004) (citing *Margalli-Olivera v. I.N.S.*, 43 F.3d 345, 351 (8th Cir. 1994)). "Application of these contract principles is tempered by the constitutional implications of a plea agreement," and "[a]llowing the government to breach a promise that induced a guilty plea violates due process." *Margalli-Olivera*, 43 F.3d at 351. "[W]hen a plea rests in any significant degree on a promise or agreement of the

---

[3] While the Court is aware of other courts' holdings that an affidavit from a § 2255 movant's counsel asserting that the movant did not request an appeal be filed is sufficient to overcome a movant's request for an evidentiary hearing, *see, e.g., Sanguino v. U.S.*, No. C 07-4057-MWB, 2009 WL 2922038, at *6 (N.D. Iowa Sept. 8, 2009); *Jacobo v. U.S.*, Nos. C07-4035-MWB, CR05-4031-MWB, 2009 WL 2751010, at *5 (N.D. Iowa Aug. 26, 2009), this Court finds those holdings to be inconsistent with the Eighth Circuit's holding in *Watson*.

prosecutor, so that it can be said to be part of the inducement or consideration, such a promise must be fulfilled." *DeWitt*, 366 F.3d at 669 (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)). "When ascertaining the intent of the parties, the language of the agreement, if unambiguous, should ordinarily be conclusive." *Margalli-Olivera*, 43 F.3d at 351).

Movant's claim is facially insufficient and therefore does not require an evidentiary hearing, because a promise by the Government not to further prosecute Movant for criminal sexual abuse did not amount to a promise not to seek sentencing enhancements. *See United States v. Peck*, 496 F.3d 885, 889 (8th Cir. 2007) ("[The movant] cites no case, and our research has not revealed one, that supports the proposition that the Government's pursuit of sentencing enhancements breaches a promise not to file additional criminal charges."). Furthermore, this claim is refuted by the record, in that (1) the Plea Agreement expressly states that the "parties recommend[ed] that the base offense level is 30 as found in Section 2H1.1(a), which applies the guideline applicable to the underlying offense of Criminal Sexual Abuse [to Count One]"; and (2) Movant affirmed in signing the Plea Agreement that he "clearly under[stood] the maximum possible penalty provided by law [as to Count One] . . . is life imprisonment."

In sum, this claim of prosecutorial misconduct is both facially insufficient and refuted by the record, and it will therefore be denied without an evidentiary hearing.

### C. Unknowing and Involuntary Guilty Plea

Movant claims that he entered into the Plea Agreement unknowingly, unintelligently, and involuntarily, and that his guilty plea should therefore be set aside. To support his claim, Movant states he had "no idea" of the possibility of the application of sentencing enhancements for underlying criminal sexual abuse and that "extensive 'legalese'" in the Plea Agreement was beyond his comprehension.

9

The record refutes Movant's claim. As discussed above, Movant affirmed in the Plea Agreement that he "fully underst[ood]" that the maximum possible penalty was life imprisonment, and he also represented in entering his guilty plea that he understood the implications of the Plea Agreement and that he had sufficient opportunities to discuss the Agreement with counsel. As such, the record clearly refutes Movant's claim of not comprehending the terms of his Plea Agreement, and this claim will be dismissed without an evidentiary hearing.

### D. Eighth Amendment Violation

Lastly, Movant contends that his sentence of 235 months should be set aside because it violates the Eighth Amendment.

This claim will be denied as facially insufficient because it is barred by his Plea Agreement. In the Plea Agreement, Movant waived "all rights to contest the conviction or sentence in any post conviction proceeding, including [a § 2255 proceeding], except for claims of prosecutorial misconduct or ineffective assistance of counsel." The Court concluded above that Movant knowingly and voluntarily entered into the Plea Agreement, and he has failed to offer any grounds for finding that enforcing that Agreement would amount to a miscarriage of justice, especially given that it clearly stated that the maximum penalty for the criminal sexual abuse count was life imprisonment. *See United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (knowing and voluntary waiver of appellate rights will be enforced unless doing so would amount to a miscarriage of justice). Movant's waiver of post-conviction rights is valid and enforceable, and accordingly this claim must be denied.

### IV. CONCLUSION

Movant has demonstrated a need for an evidentiary hearing on his ineffective assistance of counsel claim based on his attorney's failure to file an appeal. Movant asserts that he instructed

his counsel to file a notice of appeal and that counsel failed to do so, which, if true, would necessarily amount to ineffective assistance in violation of his Sixth Amendment right to counsel. Thus, the Court will conduct an evidentiary hearing on this claim, limited to the issue of whether Movant did, in fact, direct counsel to file an appeal challenging his sentence. Movant's remaining claims are either facially inadequate or affirmatively refuted by the record, and an evidentiary hearing is therefore not required on those matters.

Accordingly,

**IT IS HEREBY ORDERED** that with the exception of Movant's claim of ineffective assistance of counsel based on counsel's failure to file a notice of appeal, Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court shall conduct an evidentiary hearing concerning Movant's failure-to-appeal claim of ineffective assistance of counsel. The hearing will be held on August 25, 2011 at 2:00 PM in Courtroom 17 South of the United States District Court in St. Louis, Missouri, and it will be limited to determining whether Movant instructed his attorney to file a notice of appeal.

So Ordered this 24th Day of June, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE