UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE E. PHILLIPS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:10CV01036 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court following an evidentiary hearing held on October 6, 2011, on Movant Joe E. Phillips's ("Movant") Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 20].

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On June 24, 2011, the Court denied Movant's claims for relief in his § 2255 Motion, with the exception of his ineffective assistance of counsel claim relating to counsel's alleged failure to file a notice of appeal. [ECF No. 8].  With respect to that claim, the Court found that an evidentiary hearing was necessary to determine whether Movant did, in fact, instruct his attorney to file a notice of appeal.

On September 8, 2011, Movant, through appointed counsel, amended his § 2255 Motion. [ECF No. 20].  Movant's Amended Motion includes several new factual allegations to support his initial claim that counsel was ineffective for failing to file a notice of appeal after Movant requested that he do so.  [ECF No. 20 at 2].  Movant now claims that he asked his attorney, Paul Sims, to file

1

a notice of appeal immediately after his sentencing hearing. [ECF No. 20 at 2]. Movant also claims that he did not speak with Mr. Sims again, even though Movant tried to reach him several times to request an appeal. *Id.* Lastly, Movant alleges that his brother, Clifton Phillips, spoke with Mr. Sims over the telephone to inform him that Movant wanted to file an appeal. *Id.*

Movant's Amended Motion also includes a new claim that his counsel was ineffective for failing to secure or communicate a plea agreement. [ECF No. 20 at 2]. Movant claims that his initial attorney, Kevin Curran, told him that the United States had offered a plea agreement where Movant would be sentenced to ten years imprisonment. *Id.* Movant claims that he did not reject this offer. *Id.* After being informed of the offer, Movant hired Mr. Sims as his attorney. *Id.* Movant alleges that the offer remained available, that Mr. Sims failed to communicate the offer to Movant, and that Mr. Sims failed to secure the same agreement. *Id.* Movant claims that he would have accepted a plea offer that limited his imprisonment sentence to ten years. *Id.*

At the evidentiary hearing, the Court heard evidence on Movant's claim that he instructed his attorney to file a notice of appeal and on Movant's new claim regarding the failure to communicate and secure a plea agreement.

## II. DISCUSSION

To succeed on a claim of ineffective assistance of counsel, the litigant must prove (1) that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove *Strickland*'s first prong, deficient performance, a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. When

evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In addition, the objective reasonableness of counsel's performance is assessed "in light of professional norms prevailing when the representation took place." *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010).

Even if sufficient proof exists with respect to the first prong, relief may only be obtained if a petitioner also proves that the deficient performance prejudiced the case (the second prong). *Strickland*, 466 U.S. at 697. A movant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. This showing of a "reasonable probability" of a different outcome is less than a preponderance of the evidence but greater than just a possibility; it "is a probability sufficient to undermine confidence in the outcome." *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008) (internal citation and quotation omitted). The Court may address the two *Strickland* prongs in any order, and if a petitioner fails to make a sufficient showing of one prong, the Court need not address the other prong. *See Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test.").

Where a defendant has pleaded guilty and then alleges ineffective assistance of counsel, the movant "must show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.*" Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001) (internal citation and quotation omitted).

3

### A.    Failure to Secure or Communicate a Plea Agreement

Movant contends that Mr. Sims's failure to secure or communicate a ten-year sentence plea offer constitutes ineffective assistance of counsel. Movant cannot show that Mr. Sims's performance was deficient because the evidentiary hearing transcript conclusively shows that no such plea agreement was available at the time Movant hired Mr. Sims as his attorney.

Movant's initial attorney, Kevin Curran, testified at the evidentiary hearing that he had discussions with the United States concerning a potential plea offer that would result in a recommendation for a ten-year sentence. (Hearing Transcript, Oct. 6, 2011 at 49, 51). Mr. Curran stated that he discussed with Mr. Phillips the fact that the United States would potentially consider this plea agreement. (Hr'g Tr. at 52). Mr. Curran testified that at the time those discussions were taking place, "[m]y recollection is that at that point Mr. Phillips would have – was not interested in pleading the case out for what they were talking about" and that "[Mr. Phillips] didn't want me to negotiate the case." (Hr'g Tr. at 52, 54). Mr. Curran stated that he spoke with Mr. Phillips about the implications of rejecting the Government's plea offer, testifying that "I made him aware that he was putting wheels in motion that, you know, that we might not be able to go back." (Hr'g Tr. at 55). Mr. Curran testified that because Mr. Phillips did not want to plead guilty, he proceeded to prepare for trial and that he instructed the United States that Movant had rejected the plea offer. (Hr'g Tr. at 59, 60).

In addition to calling Mr. Curran as a witness, the United States also submitted an affidavit from Eric Gibson, the lead prosecutor in Movant's underlying criminal case. [ECF No. 24-1]. In his affidavit, Mr. Gibson states that the United States had entered into plea negotiations with Mr. Curran and had informed Mr. Curran that the United States would consider a plea offer resulting in

4

a recommended ten-year sentence.  [ECF No. 24-1 at 2].  Mr. Gibson's affidavit also states that on December 16, 2008, Movant rejected the guilty plea negotiations, which resulted in the revocation of the ten-year offer.  [ECF No. 24-1 at 3].

Movant fired Mr. Curran and Mr. Sims entered his appearance on January 6, 2009.  At the evidentiary hearing, Mr. Sims testified that he did not "remember anything about a ten-year deal." (Hr'g Tr. at 65).  Movant admitted that he did not accept the plea offer communicated to him by Mr. Curran, but denied rejecting it. (Hr'g Tr. at 8-9).  Movant stated that Mr. Curran told him about the plea offer that would result in a ten-year sentence. (Hr'g Tr. at 8).  At the evidentiary hearing, the following colloquy took place between Movant and his counsel:

> Q: So you did not – you did not reject [the plea offer].
> 
> A: I did not reject it.
> 
> Q: Okay.  But you also didn't – didn't tell him you'd take it at that time either, did you?
> 
> A: No, I did not.  I mean at the time – I mean at the time I told him I would take the offer.
> 
> (Hr'g Tr. at 8).

The Court then asked Movant to clarify his answer:

> Q: I – I have two different answers here.  Either – Did you tell him you would take it or that you wouldn't reject it or did you – What did you tell him?
> 
> A: I would not – I would not reject the offer.
> 
> Q: Okay.  You said, "I won't reject it," but you didn't say, "I'll take it," correct?
> 
> A: I would not – I did not say I would not reject the offer, but I didn't say that I would take it at the time because we were still working on my case at the time. (Hr'g Tr. at 8-9).

5

Counsel then rephrased the question:

Q: So in other words, you did not accept that offer at that time, did you?

A: Not at the time. (Hr'g Tr. at 9).

Movant also testified that he did not remember Mr. Curran telling him that the United States was proceeding to trial or that the ten-year sentence plea offer was no longer available. (Hr'g Tr.at 23).

Further, Movant testified that he remembered telling the Court, under oath, at his plea hearing that the plea agreement he signed was his entire agreement with the United States and that there were no other promises or agreements. (Hr'g Tr. at 19). Movant admitted that he failed to inform the Court about a ten-year sentence plea offer at either his plea hearing or his sentencing. (Hr'g Tr. at 20).

Movant cannot establish ineffective assistance of counsel based on Mr. Sims failure to secure or communicate a plea agreement because the United States had not made a plea offer at the time Mr. Sims entered his appearance. Movant's own testimony demonstrates that he did not accept the ten-year plea offer Mr. Curran negotiated. In addition, the record affirmatively demonstrates that the United States had rescinded the plea offer before Mr. Sims entered his appearance and that there were no other plea offers available at the time he signed his plea agreement. Mr. Sims's performance cannot be considered deficient for failing to secure or communicate a plea offer that did not exist. Therefore, this claim is denied.

    **B.**     **Failure to File Notice of Appeal**

In *Roe v. Flores-Ortega*, the Supreme Court held that *Strickland*'s two-prong test for evaluating ineffective assistance of counsel claims provides the appropriate framework for

determining whether counsel's failure to file a notice of appeal violates a criminal defendant's Sixth Amendment right to effective counsel.  528 U.S. 470, 477 (2000).  Under the first prong, counsel's performance is unconstitutionally deficient where counsel has consulted with the defendant regarding an appeal and he or she failed to follow the defendant's instruction to file a notice of appeal.  *Id.* at 478.  Deficient performance is also established where counsel fails to consult with the defendant about an appeal and there is reason to believe either "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  *Id.* at 480.

The second *Strickland* prong is presumptively satisfied where counsel fails to file an appeal although the defendant has specifically directed him or her to do so, and this is true irrespective of whether the defendant has legitimate grounds for appeal.  *Watson v. United States*, 493 F.3d 960, 963-64 (8th Cir. 2007) (citing *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000); *see also Flores-Ortega*, 528 U.S. at 485-86; *cf. Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit.") (internal citation omitted).  If the defendant did not expressly request that counsel file an appeal, prejudice is determined based on whether "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."  *Flores-Ortega*, 528 U.S. at 484.

Movant claims that he requested that Mr. Sims *file* a notice of appeal.  However, Movant presented no evidence that he made such a request.  Movant testified at the evidentiary hearing that, "[a]fter the sentencing, I asked Mr. Sims; I'd like to see him and talk to him about an appeal."  (Hr'g Tr. at 12).  Movant further testified that Mr. Sims responded by saying, "I'll get with you." (Hr'g Tr.

7

at 13). Movant also testified that he subsequently attempted to reach Mr. Sims by telephone but was unable to reach him. (Hr'g T. at 14). When asked if he ever instructed Mr. Sims to *file* an appeal either verbally or in writing, Movant conceded that he did not. (Hr'g Tr. at 28). Instead, Movant testified that after he was unable to reach Mr. Sims by telephone, he asked his brother to call Mr. Sims to discuss appealing. (Hr'g Tr. at 14).

Movant's brother, Clifton Phillips, testified at the evidentiary hearing that during a telephone conversation with Mr. Sims, he asked "what the [appeal] process was." (Hr'g Tr. at 40). Clifton Phillips further testified that, "I wasn't calling [Mr. Sims] to tell him to do anything." (Hr'g Tr. at 40). According to Clifton Phillips's testimony, Mr. Sims told him that he was not going to have anything to do with his brother's case anymore, which Mr. Phillips understood to mean that he was not going to file a notice of appeal. (Hr'g Tr. at 39, 42). Mr. Phillips testified that he informed Movant that Mr. Sims was not going to file a notice of appeal. (Hr'g Tr. at 42).

Mr. Sims testified that he recalled a member of Movant's family contacting him to ask about Movant's right to appeal. Mr. Sims stated that he informed the family member that Movant "had waived his rights to appeal except for ineffective assistance of counsel and/or prosecutorial misconduct." (Hr'g Tr. at 74). Mr. Sims also testified that he had a conversation with Movant about his appeal rights in which he informed Movant that he had waived his right to appeal by signing the plea agreement. (Hr'g Tr. at 75). Mr. Sims testified that he was never directed to file a notice of appeal by either Movant or any member of his family. *Id.*

The Court finds that Mr. Sims consulted with Movant about his appeal rights and that Movant did not direct him to file a notice of appeal. Mr. Sims's testimony indicates that both Movant and his brother questioned Mr. Sims about the appellate process and that Mr. Sims

accurately answered these questions. After Mr. Sims informed both of them that Movant had waived his appeal rights, neither individual instructed Mr. Sims to file the notice. Moreover, filing an appeal would have been frivolous because Movant had waived his right to appeal. Therefore, Mr. Sims's performance cannot be considered deficient.

Further, even if Movant could demonstrate that Mr. Sims did not consult with him about appealing, Movant cannot establish that he reasonably demonstrated to Mr. Sims that he was interested in appealing based on the findings above. In addition, Movant cannot demonstrate that a rational defendant would want to appeal his case. The evidentiary hearing record shows that Movant was adequately informed that he waived his right to appeal by signing the plea agreement.[1] Movant testified that he did not understand the plea agreement after Mr. Sims went over it with him but that he remembered the Court going over the agreement with him at his plea hearing (Hr'g Tr. at 16-17). Movant further testified that, at the plea hearing, he told the Court, under oath: 1) he had enough time to go over the agreement with his attorney, 2) he understood all parts of the plea agreement, 3) he had gone over all the parts of the plea agreement with his attorney, and 4) he understood he was giving up his appeal rights. (Hr'g Tr. at 18-19).

The Court finds that Mr. Sims's failure to file a notice of appeal did not constitute ineffective assistance of counsel in violation of Movant's Sixth Amendment rights. Mr. Sims's performance

---

[1]The plea agreement Movant signed, filed under seal, includes a section titled "Waiver of Post-Conviction Rights." [ECF No. 42 SEALED at 3]. This section provides that, "[i]n the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues . . ." *Id.* The section also provides, "[i]n the event the Court accepts the plea and, in sentencing the defendant, 1) applies the recommendations agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, then, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all sentencing issues. . ." *Id.* at 3-4.

was not deficient because Movant did not instruct Mr. Sims to file an appeal and Movant cannot demonstrate that a rational defendant would want to appeal his case. Therefore, this claim is denied.

## III.     CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

## IV.     CONCLUSION

Based on the evidence presented at the hearing and the parties' moving papers, the Court concludes that Movant did not receive ineffective assistance of counsel in violation of his Sixth Amendment rights. The record affirmatively refutes Movant's claims that he asked Mr. Sims to file an appeal or that Mr. Sims failed to communicate a plea agreement.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 20] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's Motion.

Dated this  1st  day of December, 2011.

*[signature]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE